OPINION
{¶ 1} Defendant-appellant Erie Insurance Company appeals the May 3, 2002 Judgment Entry of the Stark County Court of Common Pleas which sustained plaintiff-appellee Joseph M. Leary's motion for summary judgment and overruled appellant's motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant issued a personal auto insurance policy to David and Ernestina McGowan. On October 4, 1998, the McGowans signed a written rejection of UM/UIM motorist coverage to be effective upon the October 17, 1998 renewal of the policy.
 {¶ 3} Appellee is McGowan's adult son. He was involved in an auto accident on January 8, 2002, involving an uninsured motorist. Appellee had no UM/UIM coverage of his own and presented a claim for such coverage under his parents' policy. Appellee is an additional named insured under the appellant's policy. Appellant denied the claim based upon the McGowans' written rejection of UM/UIM coverage.
 {¶ 4} Appellee filed a declaratory judgment action against appellant in the Stark County Court of Common Pleas seeking declaration that UM/UIM coverage exists under appellant's policy. Both parties filed motions for summary judgment. On May 3, 2002, the trial court granted appellee summary judgment finding UM/UIM coverage exists for appellee. It is from that judgment entry appellant prosecutes this appeal, assigning as error:
 {¶ 5} "I. THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN DENYING THE DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGEMENT."
 I. {¶ 6} The law in effect at the time of the last two-year renewal of the McGowans' policy (October 17, 2001), was HB 261. At issue herein is whether a written rejection signed after the effective date of HB 261, but which does not otherwise satisfy the requirements of a valid rejection under Linko v. Indemnity Ins. Co. (2000), 90 Ohio St.3d 445, is sufficient to preclude a grant of summary judgment to appellee.
 {¶ 7} This Court has previously addressed this issue in Pillo v.Stricklin, 2001-Ohio-7049 (Dec. 31, 2001), Stark App. No. 2001CA00204, unreported, and more recently in Still v. Indiana Ins. Co.,
2002-Ohio-1004 (Feb. 25, 2002), Stark App. No. 2001CA00300, unreported. Appellant herein asks us to overrule our prior decisions in Pillo andStill and cites cases from other appellate districts which have held contrary. Appellant further notes the issue is presently pending before the Ohio Supreme Court in Kemper v. Michigan Millers Mut. Ins. Co.
(2002), 94 Ohio St.3d 1435.
 {¶ 8} Upon reconsideration of our decisions in Pillo and Still,
we adhere to the opinions expressed therein.
 {¶ 9} Appellant's assignment of error is overruled.
 {¶ 10} The May 3, 2002 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
Hoffman, P.J., Farmer, J. and Edwards, J. concur.
topic: denial of motion for summary judgment.